## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| SUSAN GUY<br>GERALD "JERRY" PHILLIP GUY,<br><br>  Plaintiff,<br><br>vs.<br><br><br><br><br>WALMART, INC.<br>ENTITIES A,B AND C<br><br><br><br>  Defendants. | CASE NO.<br>Removed from the Circuit Court<br>Mobile County, Alabama<br>Case No. 2018-CV-901656 |

## NOTICE OF REMOVAL

TO:  THE UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF ALABAMA
     SOUTHERN DIVISION

Defendant, WAL-MART STORES EAST, LP, (hereinafter "Walmart") incorrectly identified as "WALMART, INC.," in Plaintiff's Complaint, gives notice pursuant to 28 U.S.C. §§ 1441 and 1446 that this cause is hereby removed from the Circuit Court of Mobile County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division. As grounds for this removal, Defendant shows as follows:

1. An action was commenced against Walmart in the Circuit Court of Mobile County, Alabama, entitled *Susan Guy and Gerald 'Jerry' Phillip Guy, Plaintiffs v. Walmart, Inc., and A, B and/or C being the entities that owned the Walmart store in Saraland, AL on July 15, 2016,* Civil Action No. 02-CV-2018-901656.00. The Complaint attached hereto as "Exhibit A" was filed in this action.

2. According to the Circuit Clerk's office for the Circuit Court of Mobile County, Alabama, service of the initial pleading setting forth Plaintiff's claim for relief was affected upon Walmart on July 19, 2018, which was Walmart's first actual notice of this action.

3. This notice of removal is filed in the United States District Court for the Southern District of Alabama, Southern Division, within thirty days after the receipt by Walmart of the initial pleading setting forth the claim for relief upon which such action or proceeding is based in accordance with 28 U.S.C. § 1446 (b). The Circuit Court of Mobile County, Alabama, is within this Court's district and division; therefore, this action is properly removable to this Court under 28 U.S.C. §§ 1441 (a) and (b).

4. This Court has diversity jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1332 since the parties are diverse and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. Upon information and belief, Plaintiffs are now and at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, citizens of the State of Alabama who reside at 8900 Bryant's Landing Road, Stockton, Alabama 36579.

6. Walmart is a citizen of Delaware and Arkansas. *See* 28 U.S.C.A. § 1332(c)(1). Defendant Walmart is organized under the laws of Delaware and maintains its principal place of business in Arkansas. More specifically, Wal-Mart Stores East, L.P., is a limited partnership whose sole limited partner is WSE Investment, LLC, and whose sole general partner is WSE Management, LLC. Wal-Mart Stores East, L.P., is organized under the laws of the State of Delaware and maintains its principal place of business in Bentonville, Arkansas. WSE Investment, LLC, is a wholly-owned subsidiary of Wal-Mart Stores East, LLC, is organized under the laws of the State of Delaware, and maintains its principal place of business in

Bentonville, Arkansas. WSE Management, LLC, is likewise a wholly-owned subsidiary of Wal-Mart Stores East, LLC, is organized under the laws of the State of Delaware, and maintains its principal place of business in Bentonville, Arkansas. Wal-Mart Stores East, LLC, is a wholly-owned subsidiary of Wal-Mart Stores, Inc., is organized under the laws of the State of Arkansas, and maintains its principal place of business in Bentonville, Arkansas.

## AMOUNT IN CONTROVERSY

7.     Plaintiffs seek damages for bodily injuries as a result of an alleged slip-and-fall at the Saraland, AL, Walmart store. (Exhibit A, ¶ 1.) Plaintiff Susan Guy alleges that she "suffered serious injuries to her back and also to her right foot, ankle, hip and other parts of her body. She has undergone medical and hospital treatment, taken medications, participated in physical therapy and had back surgery as a result Defendants' negligence." (Exhibit A, ¶s 3.) Ms. Guy also asserts that she "has incurred substantial bills related to said injuries . . . endured extensive pain, mental anguish and depression as a result of the subject fall." *Id.* Ms. Guy asserts that she has still not fully recovered from said injuries and may have problems for the remainder of her life." *Id.*

8.     Plaintiff Susan Guy, within her Complaint, demands judgment against Walmart for "Five Million ($5,000,000.00) Dollars" in compensatory damages and "Five Million Dollars ($5,000,000)" dollars in punitive damages. (Exhibit A, unnumbered paragraph following ¶s 3, 6.) Plaintiff's husband asserts a loss of consortium claim against Walmart and demands "One Million ($1,000,000) Dollars" in damages. (Exhibit A, unnumbered paragraph following ¶ 10.)

9.     "The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'" *Fitzgerald v. Besam Automated Entrance Sys.*, 282

F. Supp. 2d 1309, 1313 (S.D. Ala. 2003) (quoting *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348 (1961)). "[W]hen the complaint seeks damages exceeding $75,000, a removing defendant may rely on the plaintiff's valuation of the case to establish the amount in controversy unless it appears to a legal certainty that the plaintiff cannot recover the amount claimed." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1315 (11th Cir. 2002).

10. Both Plaintiffs assert claims for damages well above the $75,000.00 amount-in-controversy threshold. "The Eleventh Circuit has . . . given preference to a plaintiff's own assessment of the value of its case." *Salsberry v. RT W. Palm Beach Franchise, Ltd*, No. 14-80922-CIV, 2014 WL 12479403, at *2 (S.D. Fla. Oct. 14, 2014) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir 1994).) As such, the amount in controversy requirement for removal is satisfied.

11. This action may be removed to this Court by Walmart pursuant to 28 U.S.C. § 1441, because this action is a civil action of which the United States District Courts have original jurisdiction under 28 U.S.C. § 1332.

12. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal is filed with the Clerk of the Circuit Court of Mobile County, Alabama, and a written notice of this removal has been served on all adverse parties as required by law.

13. If any questions arise as to the propriety of the removal of this action, the removing Defendant requests the opportunity to present a brief and oral argument in support of its position that this cause is removable.

WHEREFORE, Defendant, Wal-Mart Stores East, LP, desiring to remove this cause to the United States District Court for the Southern District of Alabama, Southern Division, being the district and division of said Court for the County in which said action is pending, prays that

this Court will make any and all orders necessary to effect the removal of this cause from the Circuit Court of Mobile County, Alabama, and to effect and prepare in this Court the true record of all proceedings that may have been had in the Circuit Court of Mobile County, Alabama.

Respectfully submitted this August 17, 2018.

/s/ Jon Roberts
W. PEMBLE DELASHMET (ASB-0873-H57W)
wpd@delmar-law.com
CHAD C. MARCHAND (ASB-5089-C65M)
ccm@delmar-law.com
JON D. ROBERTS (ASB-5936-B14Y)
jdr@delmar-law.com
Attorneys for Defendants Wal-Mart Stores East, LP

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:    (251) 433-1577
Facsimile:    (251) 433-1578

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or by U.S. First Class Mail, hand delivery, fax or email on this the 17th day of August, 2018.

Clifford C. Sharpe
307 Morgan Avenue
Mobile, AL  36606

/s/ Jon Roberts
OF COUNSEL