**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| SUSAN GUY AND GERALD GUY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 18-0360-KD-MU |
| | ) | |
| WAL-MART STORES EAST, LP, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Previously, Plaintiff Susan Guy filed a Bill of Costs (doc. 115). Defendant Walmart objected for various reasons but primarily a lack of specificity, supporting documentation, and an affirmation that the costs were correct and necessarily incurred in the action (doc. 117). Guy replied that the objection was untimely and should be disregarded (doc. 118). The Clerk did not tax any costs in favor of Guy (doc. 119). The Clerk provided Guy with a copy of Standing Order 13 which sets out many of this Court's requirements for taxation of costs by the Clerk.

As allowed by S.D. Ala. Civ. L.R. 54(b), Guy filed a Motion for Court to Review Clerk's Denial of Court Costs and/or Motion to Re-Tax Costs and/or Amendment to Plaintiff's Bill of Cost and exhibits in support (doc. 120, 120-1). Defendant Wal-Mart Stores East LP filed its opposition (doc. 121).

As an initial consideration, Walmart argues that costs should be denied because Guy has failed to comply with 18 U.S.C. § 1924 (doc. 121, p. 4). The statute, captioned "Verification of bill of costs", sets forth as follows:

> Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is

correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.

28 U.S.C.A. § 1924.

Walmart is incorrect. The Bill of Costs contains a declaration, signed by Guy's counsel, wherein he "declares under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed." (doc. 115, p. 1). This declaration meets the requirements of 28 U.S.C. § 1924. Pelc v. Nowak, 2013 WL 3771233, at *2 (M.D. Fla. July 17, 2013), aff'd, 596 Fed. Appx. 768 (11th Cir. 2015) ("The Bill of Costs form includes a Declaration that fulfills the verification requirement of 28 U.S.C. Sec. 1924.").

The parties do not dispute Guy's status as a prevailing party. Therefore, "[f]ederal law determines what costs may be awarded to a prevailing party in federal court, even in a diversity action." Crossman v. USAA Cas. Ins. Co., 2020 WL 1172048, at *5 (M.D. Fla. Feb. 7, 2020), report and recommendation adopted, 2020 WL 1170757 (M.D. Fla. Mar. 11, 2020). "Federal Rule of Civil Procedure 54(d) provides that costs, other than attorneys' fees, 'should be allowed to the prevailing party' unless a federal statute, federal rule, or court order provides otherwise." Pasternack v. Klein, 2019 WL 5111974, at *4 (M.D. Fla. Aug. 26, 2019), report and recommendation adopted, 2019 WL 5110613 (M.D. Fla. Sept. 11, 2019) (quoting Fed. R. Civ. P. 54(d)(1)). Guy, as the "party seeking an award of costs must submit a request that enables the court to determine the party's entitlement to those costs." Zainulabeddin v. Univ. of South Fla. Bd. of Trustees, 749 Fed. Appx. 776, 787 (11th Cir. 2018) (citing Loranger v. Stierheim, 10 F.3d 776, 784 (11th Cir. 1994)).

Accordingly, upon consideration, and for the reasons set forth herein, Guy is awarded the following costs:

A. Fees of the Clerk.

Guy seeks costs in the amount of $494.63 for the fees paid to the clerk of the state court before the action was removed to this court. Guy cites to case law in support of her position that fees of the clerk incurred before removal are taxable in the federal courts. Also, Guy provides a copy of the state court Fees Sheet which shows payment of a total of $494.63 in fees (doc. 120-1, p. 1). Walmart does not specifically oppose these costs (doc. 121).

Fees of the Clerk are taxable under 28 U.S.C. § 1920(1). Equal Employment Opportunity Comm'n. v. W & O, Inc., 213 F. 3d 600, 632 (11th Cir. 2000). Costs may be awarded for filing fees incurred before removal to federal court. Butler v. Wright, 2010 WL 599387, *5 (M.D. Fla. Feb. 16, 2010). Accordingly, costs in the amount of $494.63 are taxed against Walmart.

B. Fees for Service of Summons and Subpoenas.

  1. Service of subpoenas for documents.

Guy seeks the costs of service of seven non-party subpoenas for documents for a total of $468.50. (Doc. 120-1, pgs. 2-4, 5, 28, 29, 30-31, 32, 33). Guy argues that private process server fees may be taxed pursuant to 28 U.S.C. § 1920(1), which provides for "[f]ees of the clerk and marshal", so long as the fees do not exceed those of the U.S. Marshal as set out in § 1921 and the corresponding regulation for mileage.

Walmart argues that "the relevant statute" is 28 U.S.C. § 1920(3), which allows recovery of costs for "witness fees." (doc. 121, p. 2) Walmart argues that "according to 28 U.S.C. § 1821(a)(1)", the fees are recoverable only if the witness appears at trial or deposition, and since these subpoenas were issued for documents, Guy cannot recover these costs. Walmart also argues that Guy failed to "show how many of these documents were material to an issue tried and reasonably necessary to the cases disposition" (doc. 121, p. 4).

Private process server fees are not taxed under 28 U.S.C. § 1920(3). They are taxed under 28 U.S.C. § 1920(1), which provides for taxation of "[f]ees of the...marshal. The Court of Appeals for the Eleventh Circuit has found that costs for service by a private process server is recoverable so long as the rate does not exceed the cost of effectuating service by the U.S. Marshals Service. E.E.O.C. v. W&O, Inc., 213 F.3d at 623-624. Pursuant to 28 C.F.R. § 0.114(a)(3), fees for "process served or executed personally" by the U.S. Marshal are recoverable up to $65.00 for each item served. Id. at 624. The Marshal may charge travel costs, including mileage, or other out-of-pocket expenses for serving process. See 28 C.F.R. § 0.114(a)(3). Such costs may be reimbursed upon proper documentation.

With respect to whether the documents were material and reasonably necessary to the disposition of the case, in addition to the declaration (doc. 115), Guy includes a brief synopsis of the use of the documents (doc. 120, p. 3-4). For example, with respect to service upon SunOptics, Guy explained that SunOptics was the "manufacturer of the subject skylights" and "some of the documents obtained were offered into evidence at trial." (Id.)

Accordingly, costs of $65.00 each are allowed for service upon R. L. Bishop & Associates, Firestone Building Products LLC, R&B, SunOptics, and Advance Roof Management for a sub-total of $325.00. Any costs in excess of $65.00 are not allowed. Costs are also allowed for service of a second non-party subpoena on Advance Roof Management and SunOptics for a sub-total of $130.00. Guy explains that service of a second subpoena for documents was necessary because the non-party challenged the validity of the first service (doc. 120, p. 3-4). See Cadle v. Geico Gen. Ins. Co., 2015 WL 4352048, at *3 (M.D. Fla. July 14, 2015) (citations omitted) ("[I]t is imperative that the party seeking costs for multiple service attempts provide evidence justifying the need for multiple service attempts."). Therefore, costs

for service of non-party subpoenas for documents in the total amount of $ 455.00 are taxed against Walmart.

    2. <u>Subpoenas for depositions</u>.

Guy seeks the costs of service of four subpoenas for depositions for a total of $140.00 (doc. 120-1, p. 6-27). Guy paid $100.00 to the Meriwether County, Georgia Sheriff's Office for service of Tyler Bishop and R.L. Bishop and Associates, Inc. However, service was attempted but unsuccessful (doc. 120, p. 3). Guy paid $40.00 to the Talbot County, Georgia Sheriff's Office for successful service upon Bishop and R.L. Bishop. Walmart argues that Guy may not recover costs for unsuccessful service of subpoenas but did not challenge the costs for the successful service (doc. 121, p. 2).

Guy did not provide evidence to justify the need for multiple service attempts to serve non-party Bishop and R.L. Bishop. <u>See Cadle</u>, 2015 WL 4352048, at *3. Therefore, costs for service of non-party subpoenas for depositions in the amount of $40.00 are taxed against Walmart.

    3. <u>Subpoenas for trial</u>.

Guy seeks costs of $315.00 for service of subpoenas upon five witnesses for trial: Donald Yarborough, Destani Yates, Charles Robbins, Crystal Malone, and Ginger Donald (doc. 120, p. 3-4, doc. 120-1, p. 34). Walmart argues that witnesses Robbins and Donald did not appear and testify at trial, and therefore, the costs of service of their subpoenas should not be allowed.

In order to determine whether recovery of costs for service of trial subpoenas are appropriate, the Court need only determine whether the subpoenas for the witnesses "were reasonable and necessary when served in light of the facts known at the time of service[.]" <u>Bumpers v. Austal U.S.A., L.L.C</u>, 2015 WL 6870122, at *9 (S.D. Ala. Nov. 6, 2015) (citations

omitted). Also, Guy may recover the costs for service of a trial subpoena even if she did not call the witness at trial. Thompson v. N. Broward Neurology, P.A., 2017 WL 7792715, at *4 (S.D. Fla. July 20, 2017), report and recommendation adopted, , 2017 WL 7796159 (S.D. Fla. Aug. 7, 2017) ("Costs for necessary subpoenas are recoverable, however, even if subpoenaed witnesses did not testify at trial."); Bumpers, 2015 WL 6870122, at *9 (same).

Guy identified Robbins and Donald as witnesses she planned to call to testify at trial (doc. 80, p. 31-32, joint pretrial document). They were also listed on Walmart's trial witness list (doc. 120, p. 4; doc. 80, p. 32) (identifying Robbins and Donald as "may call" witnesses). Since both parties identified Robbins and Donald as Walmart employees and included them on their respective witness lists, the Court finds that the subpoenas were reasonable and necessary when served, even though they did not testify at trial. Yarborough, Yates, and Malone testified at trial. Since the fees do not exceed the amount which the U.S. Marshals Service may charge, costs of $315.00 incurred in serving these five subpoenas are taxed against Walmart.

C. Deposition transcript fees

Guy seeks to recover $3,377.87 for costs of deposition transcripts pursuant to 28 U.S.C. § 1920(2). Guy argues that admission of a deposition transcript into evidence or use for cross-examination tends to show that the depositions were necessarily obtained for use in the case. Guy also argues that deposition costs related to persons on the losing party's witness list may be taxed. Guy points out that all of the deponents were listed on Walmart's witness list and either testified at trial or portions of their transcripts were read into evidence at trial (doc. 120, p. 4-5).

Walmart argues that "Standing Order No. 13 permits the taxation of costs of an original deposition transcript only if 'a substantial portion of the deposition was admitted in evidence on the trial of the case" (doc. 121, p. 3-4) Walmart argues that costs should not be awarded for

Susan Guy, Gerald Guy, Yarborough and Malone's deposition transcripts because they testified at trial and their deposition transcripts were not used at trial. Walmart argues that costs should not be awarded for Donald and Robbins' deposition transcripts because they did not testify and their deposition transcripts were not used at trial. Walmart did not raise any specific argument with respect to Dr. Bendt Peterson, Tyler Bishop, or Walmart representative Ben Cole's deposition transcripts.

Pursuant to 28 U.S.C. § 1920(2), costs may be allowed for fees for "printed or electronically recorded transcripts necessarily obtained for use in the case". Whether the costs for deposition transcripts are taxable depends on "whether the deposition was wholly or partially 'necessarily obtained for use in the case." E.E.O.C. v. W&O, Inc., 213 F.3d at 621. "Where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." Id. Additionally, while admission into evidence or use during cross-examination at trial tends to demonstrate that a deposition transcript was necessarily obtained, "[i]t is not necessary to use a deposition at trial to be taxable[.]" Id. Also, the court reporter's per diem fee may be recovered. Computer Program & Sys. Inc. v. Wazu Holdings, Ltd., 2019 WL 1119352, at *12 (S.D. Ala. Mar. 11, 2019).

The burden falls on the losing party, Walmart, to show that specific depositions were not necessary for use in the case or that the depositions were not related to an issue present in the case at the time of the deposition. Id. Walmart relies on Standing Order No. 13 to argue that costs can be taxed only if a substantial part of the deposition was admitted at trial. However, Standing Order No. 13 applies to taxation of costs by the Clerk. The Court is not limited by the Order. Equal Employment Opportunity Comm'n v. Winn-Dixie Montgomery, LLC, No. CV 09-0643-C, 2011 WL 13248688, at *3 (S.D. Ala. Mar. 24, 2011) ("The limitations imposed by

Standing Order No. 13, however, are discretionary."): <u>Caribbean I Owners' Ass'n, Inc. v. Great Am. Ins. Co. of N.Y.</u>, Civil Action No. 07-0829-KD-B, 2009 WL 2150903, at *4 (S.D. Ala. July 13, 2009) (same).

Ordinarily, certain deposition transcript related costs such as costs for extra copies or for travel or condensed transcripts are deemed incurred for the convenience of counsel and are not taxed to the losing party. <u>Crouch v.Teledyne Continental Motors, Inc.</u>, 2013 WL 203408, *7-8 (S.D. Ala. Jan. 17, 2013); <u>see also Pinkston v. University of South Fla.</u>, 2016 WL 9724976, *3 (M.D. Ala. Oct. 5, 2016) ("multiple copies are generally not recoverable[ ]"). Also, postage, shipping, delivery and handling charges related to the deposition transcripts are non-recoverable as ordinary business expenses. <u>See Maris Dist. Co. v. Anheuser–Busch, Inc.</u>, 302 F.3d 1207, 1225 (11th Cir. 2002); <u>Maner v. Linkan LLC,</u> 602 Fed. Appx. 489, 494 (11th Cir. 2015) ("In determining the costs to be awarded, the district court may tax as costs all reasonable expenses incurred during the course of litigation, with the exception of routine office overhead.").

Upon consideration of the record and the evidence at trial, the Court finds that the deposition transcripts requested were necessarily obtained for use in the case. Each deponent was identified as a witness in this action and all but two deponents either testified at trial or their deposition transcripts were used during the trial.

Guy provided the Court with a copy of the invoice for each deposition transcript (doc. 120-1, p. 35 to 40). Review of the invoices shows that some non-recoverable costs are included. Specifically, costs of travel or condensed transcripts ($105.00), extra copies (Bishop $499.87;[1]

---

[1] <u>Sheffield v. State Farm Fire and Cas. Co.</u>, 2016 WL 5415015, *2 (S.D. Ga. Sept. 26, 2016) (Sheffield "...requests... both an original and a copy of...deposition transcript...Sheffield has not shown why the copy was necessary. Therefore, it will not be allowed...Because the Court lacks a receipt itemizing the copy separately from the original, it reduces Sheffield's award for this transcript by half").

8

Cole $385.00) and delivery ($9.00) which total $998.87. Accordingly, costs of deposition transcripts are taxed against Walmart in the total amount of $2,379.00.

D. <u>Fees for costs of making copies</u>.

Guy seeks the costs of copies obtained for use in the case and provides the Court with an estimated cost of $200.00. She asserts that most of the costs were for approximately 1,200 color copies of trial exhibits and two exhibit binders with 77 listed exhibits (doc. 120, p. 5). Walmart argues that costs of copies should not be allowed because it is an estimate and because the supporting documents do not delineate which copies were necessarily obtained for use in this case (doc. 121, p. 3).

Pursuant to 28 U.S.C. § 1920(4) "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" may be taxed. Guy previously declared under penalty of perjury that all costs were "necessarily incurred in this action" (doc. 115). Also, Guy provided a summary of copy costs for the year preceding trial in January 2020, wherein her counsel explained that the "main cost in the Guy case was color copies which are billed at $0.135997 each. The color copies for the approximately 30-day bill period ending 1/14/20 were $212.43. These were primarily used in the trial exhibit book" (doc. 120-1, p. 41). Guy also provided invoices for the year prior to trial, and for January 2020 which shows 1,562 color copies at $0.135997 for a total of $212.43 (doc. 120, p. 42-56; p. 54).

Arguably, an exact copy count would have been better evidence. However, review of the docket, and consideration of the evidence presented at trial and the trial exhibit binders, the Court finds that $200.00 is a reasonable estimate of copy costs, which is supported by invoices from the time period preceding and after trial in January 2020. Therefore, costs are taxed against Walmart in the amount of $200.00 for costs of copies. <u>See Cobb v. City of Roswell, Ga.</u>, 987 F.

Supp. 2d 1319, 1326 (N.D. Ga. 2013) (applying the court's own experience to reduce copying costs to a "reasonable estimate of the costs to copy documents necessary for this litigation.").

E. Fees for witnesses.

Guy seeks witness fees plus mileage for Yarborough, Malone, Yates, and Dr. Petersen in the total amount of $181.90 as itemized in the verified Bill of Costs (doc. 115, p. 2). Guy argues that the fees comply with the statutory rate of $40.00 per day plus mileage (doc.120, p. 5-6). Walmart argues that the $40.00 witness fee for Dr. Petersen should not be allowed because he did not attend trial. Instead, his deposition was read at trial. Walmart argues that this fee is not recoverable under 28 U.S.C. § 1920. Walmart did not challenge the witness fees or mileage for Yarborough, Malone or Yates (doc. 12, p. 3).

Title 28 U.S.C. § 1920(3) provides that a "judge or clerk of any court of the United States may tax as costs" fees for witnesses. The courts are instructed that "[e]xcept as otherwise provided by law, a witness in attendance at any court of the United States, . . . or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section." 28 U.S.C. § 1821(a)(1). Although Dr. Petersen did not testify at trial, Guy is awarded $40.00 for Dr. Petersen's witness fee for attendance at his deposition. Additionally, pursuant to 28 U.S.C. § 1821(a)(1) and (b)(2), Guy is awarded witness fees and mileage for Yarborough, Malone, and Yates attendance at trial. Therefore, costs in the total amount of $181.90 are taxed against Walmart.

F. Fees for exemplification and costs of making copies

Guys seeks costs of $140.00 paid to the National Center for Environmental Information for certified copies of hail data for Saraland, Alabama. Guy states that part of the hail data was admitted into evidence at trial (doc. 120, p. 6). Walmart did not specifically oppose these costs.

10

Pursuant to 28 U.S.C. § 1920(4) "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" may be taxed by the Court. Guy previously declared under penalty of perjury that all costs were "necessarily incurred in this action" (doc. 115). Additionally, as Guy stated, part of the hail data was admitted into evidence at trial. Also, hail data was used as evidence in support of Guy's response to Walmart's motion for summary judgment (doc. 52-2). Thus, the Court finds that these copies were necessarily obtained for use in the case. The invoice indicates that Guy was charged $116.00 for the certification, $16.00 for the certified copies, and $8.00 for shipping (doc. 120-1, p. 57). Since shipping costs are considered part of routine office expenses, costs in the amount of $132.00 are taxed against Walmart.

DONE and ORDERED this the 13th day of April 2020.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
CHIEF UNITED STATES DISTRICT JUDGE